UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
CHARLES PHRANCE, :
:
                    Petitioner, :    14 Civ. 3569 (TPG)
:
    – against – :    **OPINION**
:
JEH JOHNSON, SECRETARY, :
DEPARTMENT OF HOMELAND :
SECURITY; CHRISTOPHER SHANAHAN, :
DIRECTOR, ENFORCEMENT AND :
REMOVAL OPERATIONS, NEW YORK
CITY FIELD OFFICE; YVETTE TAY-
TAYLOR, ASSISTANT FIELD OFFICE
DIRECTOR (DETENTION); AND OSCAR
AVILES, ADMINISTRATOR, HUDSON
COUNTY CORRECTIONAL CENTER,

                    Respondents.
------------------------------------------------x

      In this action, petitioner Charles Phrance ("Phrance") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents Jeh Johnson, Christopher Shanahan, Yvette Tay-Taylor, and Oscar Aviles (collectively, "respondents") move to transfer the petition to the United States District Court for the District of New Jersey.

      For the reasons discussed below, respondents' motion to transfer the case is granted.

## BACKGROUND

      Phrance is a citizen of Trinidad & Tobago, who was admitted to the United States as a lawful permanent resident in 1981. On February 9, 2004,

Phrance pled guilty in the Criminal Court of the City of New York (Kings County) to a narcotics possession charge, and was sentenced to a one-year conditional discharge.  On November 5, 2006, Phrance pled guilty to a second narcotics charge in the same court, and was sentenced to time served.

On September 11, 2013, United States Immigration and Customs Enforcement ("ICE") issued a Notice to Appear charging that Phrance's 2004 and 2006 narcotics convictions render him subject to removal pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA").  Since September 20, 2013, Phrance has been detained at the Hudson County Correctional Center in New Jersey.

In September 2013, ICE determined that Phrance's removal charges render him subject to mandatory detention under INA Section 236(c).  Phrance challenged ICE's detention determination before the Immigration Judge in New York presiding over his removal proceedings, and ICE temporarily transferred him into this District to attend related hearings before that Immigration Judge on five separate occasions:  (1) January 15, 2014; (2) March 14, 2014; (3) April 10, 2014; (4) May 8, 2014; and (5) July 1, 2014.

On May 19, 2014, Phrance filed the instant writ of habeas corpus.  In his petition, Phrance argues that he is not subject to mandatory detention under INA Section 236(c), *see* Pet. ¶¶ 13-15, and that the length of his detention violates due process, *see id.* ¶¶ 16-19.  At the time of filing, Phrance was in custody at the Hudson County Correction Center in New Jersey, which is under Warden Oscar Aviles.

**DISCUSSION**

The federal habeas statute states that a "writ[ ] of habeas corpus may be granted by the . . . district courts . . .within their respective jurisdictions." 28 U.S.C. § 2241(a).  "Outside the immigration context, when a prisoner files a petition for the writ of habeas corpus to challenge his or her physical detention, otherwise known as a 'core' habeas proceeding, 'the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.'" *Singh v. Holder*, No. 12 CIV. 4731 (JMF), 2012 WL 5878677, at *1 (S.D.N.Y. Nov. 21, 2012) (*quoting Rumsfeld v. Padilla,* 542 U.S. 426, 435, 443 (2004)).  Under this default rule—known as the "immediate custodian" rule—jurisdiction "lies in only one district: the district of confinement."  *Id.*

Although the Supreme Court and the Second Circuit have declined to decide whether the default "immediate custodian" rule applies in the immigration context, a "clear majority" of district courts in this circuit have held that the "immediate custodian" rule does apply to "core" habeas proceedings challenging detention pending removal.  *Zhen Yi Guo v. Napolitano,* No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009) (collecting cases); *see also Singh*, 2012 WL 5878677, at *1 (S.D.N.Y. Nov. 21, 2012); *Johnson v. Orsino*, 942 F. Supp. 2d 396, 400 (S.D.N.Y. 2013).  In such cases, courts have applied *Padilla* to hold that jurisdiction lies only in the district of confinement, and have therefore transferred petitions to the district of confinement.

Phrance does not dispute that this case falls in the "core" habeas category. But Phrance claims that ICE officials located in New York, rather than the warden of the New Jersey jail where Phrance is detained, are his "immediate custodians," and therefore urges the court to keep the case. *See* Dkt. No. 12.

Phrance's arguments are unavailing. *Padilla* makes clear that the warden of the detention facility with physical custody of the petitioner is the "immediate custodian" with the ability to produce the petitioner pursuant to a writ of habeas corpus. *Padilla*, 542 U.S. at 435, 437-39. Applying the "immediate custodian" rule, the court should hold that jurisdiction lies only in the District of New Jersey, where Phrance is detained, and that the only proper respondent is Phrance's immediate custodian, Warden Aviles.

## Conclusion

For the reasons discussed above, respondents' motion to transfer the case is granted. Respondents' time to respond to the substance of the petition shall be held in abeyance through the date of this decision.

This decision resolves Docket No. 9. The Clerk of the Court is directed to transfer this case to the United States District Court for the District of New Jersey.

SO ORDERED.

Dated: New York, New York
       December 3, 2014

_____
Thomas P. Griesa
U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/14
```